UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ONLINE MEDIA ADVISORS LLC, et al.,

    Plaintiffs,

v.

RALLYVERSE, INC.,

    Defendant.

Case No. 14-cv-03208-RS

**ORDER DENYING MOTION TO DISMISS AND CONTINUING CASE MANAGEMENT CONFERENCE**

Pursuant to Civil Local Rule 7-1(b), defendant's motion to dismiss has been submitted without oral argument. The motion will be denied, for the following reasons.

1. <u>Effect of plaintiff's corporate suspension at time of suit</u>

The first prong of the motion contends that plaintiff lacked standing to sue, based on the fact that its corporate powers had been suspended by the California Franchise Tax Board, under California Revenue & Tax Code § 23301.5 as a result of its having failed to file tax returns. When the motion was filed, plaintiff promptly obtained a Certificate of Revivor from the Franchise Tax Board and now argues the issue has thereby been eliminated.

The parties were ordered to submit further briefing, however, on the question of whether a post-filing reinstatement of corporate powers could cure a defect existing at the time the complaint was initiated. *See generally*, *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) ("[T]he

jurisdiction of the Court depends on the state of things at the time of the action brought.") The order for further briefing noted that while plaintiff had cited to cases from California state courts holding that a certificate of revivor permits a party to proceed with an appeal filed during suspension, and some federal authority to similar effect, it had not pointed to any case expressly holding that a lack of capacity to bring suit at the time of the filing could be cured through such revivor.

Plaintiff's further briefing candidly admits it has not located Ninth Circuit authority addressing "whether a California corporation whose charter is suspended at the time it files suit may retroactively acquire the capacity to sue by obtaining a Certificate of Revivor." If the issue were in fact jurisdictional, then in the absence of such authority the general rule expressed in *Keene* would govern, and the post-filing restoration of plaintiff's corporate powers would be of no import. Despite defendant's characterization of the issue as one of "standing," and the echoing of that term in the order for further briefing, however, corporate status under state law goes to *capacity to sue or be sued*. *See* Fed. R. Civ. P 17(b) ("Capacity to sue or be sued is determined as follows . . . for a corporation, by the law under which it was organized . . . .").

Capacity to sue is distinct from standing to sue. "Capacity has been defined as a party's personal right to come into court, and should not be confused with whether a party has an enforceable right or interest or is the real party in interest." Wright, Miller and Kane, 6A Fed. Prac. & Proc. Civ. § 1559 (2010) at p. 604. Capacity is not a jurisdictional matter. *Id.* at pp. 605–06; *see also Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 50 (9th Cir. 1972) ("The question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court.") Where lack of capacity can be addressed through amendments as to plaintiff's status, such amendments are not only routinely allowed, but also then held to "relate back" to the initial filing. *See De Franco v. United States*, 18 F.R.D. 156, 161 (S.D.Cal. 1955) (citing cases); *see also* Fed. R. Civ. Proc. 15(c) (governing relation back of amendments). "[I]n such cases the defect is purely formal or procedural, and . . . essential justice requires that liberal amendment be permitted." *De Franco*, 18 F.R.D. at 161.

In light of these principles, the fact that plaintiff's corporate powers were suspended at the

CASE NO. 14-cv-03208-RS
2

time it filed suit is not fatal.  There is no dispute that it has resolved the situation and obtained a Certificate of Revivor from the Franchise Tax Board, such that it now has the capacity to sue under state law, and therefore has capacity under Rule 17 of the Federal Rules of Civil Procedure.  Accordingly, the first prong of the dismissal motion fails.

2. Personal jurisdiction

The second prong of the motion to dismiss contends defendant is not subject to personal jurisdiction in this forum.  When there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court is located applies. California's long-arm statute, Cal.Code Civil Procedure § 410. 10, permits the exercise of jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." *Rocke v. Canadian Automobile Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981). Accordingly, the exercise of jurisdiction must comport with due process.

A defendant who is not present in the forum may be subject to jurisdiction only when he has certain minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

The party seeking to invoke the jurisdiction of the federal court shoulders the burden of establishing that such jurisdiction exists. *Data Disc, Inc. v. Systems Technology Assoc*., 557 F.2d 1280, 1285 (9th Cir. 1977).  Personal jurisdiction may arise from general jurisdiction or specific jurisdiction.  The standard for establishing general jurisdiction is high, and requires that the defendant's contacts with the forum state "approximate physical presence." *Tuazon v. R.J. Reynolds Tobacco Co*., 433 F.3d 1163, 1169 (9th Cir. 2006) (citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000)).

In the absence of such continuous or substantial activity, specific jurisdiction may be

invoked if there is a relationship between the defendant's forum contacts and the particular claims for relief advanced by plaintiff. *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir. 1986). The Ninth Circuit utilizes a three-part analysis to determine whether specific jurisdiction may attach to a claim arising out of a defendant's forum-related activities. First, the non-resident defendant must perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Second, the claim must be one that arises out of defendant's forum-related activities. Third, exercise of jurisdiction must be reasonable. *Gray & Co. v. Firstenberg Mach. Co., Inc*., 913 F.2d 758, 760 (9th Cir. 1990).

Here, there is no dispute that defendant's contacts with California are too limited to give rise to general jurisdiction over it. As to specific jurisdiction, defendant contends its contacts with California are limited to a dozen trips its employees made to the state. Defendant acknowledges that many of those trips included meetings with plaintiff, but argues that the claims in the complaint do not directly arise from those meetings.

For its part, plaintiff offers evidence that its claims arise from a contract between it and defendant under which plaintiff's principal, a California resident, was expected to perform services *in California* developing business and managing relationships with existing and prospective clients of defendant, including at least fourteen companies headquartered in California. The written agreement between plaintiff and defendant provides that it is to be governed by California law. Notwithstanding defendant's attempts to characterize its visits to California as unrelated to the precise controversy that has arisen between the parties, they plainly were part of the contractual and business relationship. Thus, the facts as presented by plaintiff are more than sufficient to show that defendant was availing itself of the privilege of doing business in California and that, indeed, it hired plaintiff for the very purpose of managing and expanding its business here.

On reply, defendant effectively concedes that specific jurisdiction exists under plaintiff's "version of the facts." Although defendant contends it "vehemently disagrees" with that

1    "version," it further acknowledges that the "conflict in the evidence" cannot be resolved in its
2    favor in this motion.   Defendant nonetheless suggests that jurisdiction be rejected on grounds that
3    it would be "unreasonable."  Nothing in the record suggests that this is a case where it would be
4    unreasonable to subject defendant to jurisdiction notwithstanding its purposeful availment of the
5    privileges of doing business here.  Accordingly, the second prong of the motion to dismiss also
6    fails.

   The motion to dismiss is denied.  The Case Management Conference is continued to
September 3, 2015.  The parties shall file an updated joint statement including a revised proposed
case schedule one week in advance of the conference.

**IT IS SO ORDERED**.

Dated:  August 24, 2015

_____
RICHARD SEEBORG
United States District Judge